IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HOWARD DABBS                                          PLAINTIFF

V.                                                                     CAUSE NO. 3:18-CV-748-CWR-LRA

AMERIGAS PROPANE, INC.                                      DEFENDANT

**ORDER**

Before the Court is Defendant Amerigas Propane, Inc.'s *Motion for Summary Judgment*. The legal standard is familiar. *See Clinton v. Mississippi Dep't of Pub. Safety*, No. 3:17-CV-93-CWR-FKB, 2018 WL 1916861, at *4 (S.D. Miss. Apr. 23, 2018). For the following reasons, the motion is granted.

In March 2017, Amerigas hired Plaintiff Howard Dabbs to serve as the District Manager for the company's district office in Pearl, Mississippi. Dabbs was responsible for the oversight and management of the district office, including overseeing the office's cash handling process. On February 14, 2018, Dabbs's wife was diagnosed with gallbladder cancer, which required him to take time off for his wife's care. Amerigas fired Dabbs on April 4, 2018, claiming that he failed to "maintain appropriate cash controls" and "follow Amerigas policies and procedures." Dabbs brought this suit on October 26, 2018. He claimed that Amerigas terminated his employment in violation of the Americans with Disabilities Act (ADA) "because of his association/relationship with a person, his wife, that had a disability."[1]

"In a discriminatory-termination action under the ADA, the employee may either present direct evidence that she was discriminated against because of her disability or alternatively proceed under the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S.

---

[1] Dabbs also alleged that Amerigas violated the Family and Medical Leave Act, but he voluntarily dismissed that claim on January 9, 2019. *See* Docket No. 7.

792 (1973)." *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). Dabbs lacks direct evidence of discrimination, so he must proceed under the *McDonnell Douglas* burden-shifting analysis. Under that analysis, "[Dabbs] must first establish a prima facie case of discrimination." *Spencer v. FEI, Inc.*, 725 F. App'x 263, 267 (5th Cir. 2018) (citing *E.E.O.C.*, 773 F.3d at 694). "If he does, the burden shifts to [Amerigas] to articulate a 'legitimate, nondiscriminatory reason' for terminating [him]." *Id.* "If [Amerigas] presents such a reason, [Dabbs] must then show by a preponderance of the evidence that [Amerigas's] reason is pretext for discrimination." *Id.* (citing *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998)). To satisfy this last step, "a plaintiff must put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates." *Jackson v. Watkins*, 619 F.3d 463, 467 (5th Cir. 2010) (quotations and citation omitted).

Here, Dabbs does not dispute that Amerigas offers evidence of two legitimate, nondiscriminatory reasons for his termination. *See* Docket No. 42 at 7. Amerigas contends that Dabbs was terminated for (1) not following cash protocols and (2) altering documents. While Dabbs denies that he altered documents, he does not rebut Amerigas's claim that he failed to follow cash protocols. Rather, Dabbs concedes that during his employment he did not "always properly audit[] the cash every day." *Id.* at 8.

Even assuming Dabbs has established a prima facie case of discrimination, he has failed to rebut "one of [Amerigas's] [two] proffered nondiscriminatory reasons for firing him." *Jackson*, 619 F.3d at 468. Accordingly, Amerigas is entitled to judgement as a matter of law. *Id.*; *see also* Fed. R. Civ. P. 56(a). A separate Final Judgment shall issue this day.

**SO ORDERED**, this the 19th day of August, 2020.

                                                  s/ Carlton W. Reeves
                                                  UNITED STATES DISTRICT JUDGE